

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~WILLXX~~ ~~WILSON~~ XXXXXX
ATTORNEY GENERAL

Honorable Harry Knox
Chairman, State Board of Control
Austin, Texas

Opinion No. O-2339

Re: Approval by Board of Control
of Expenditure of State Funds
for payment of cigarette stamps
purchased under a requisition
not complying with Article 16,
Section 21 of the Constitution
of Texas.

Dear Sir:

Your letter of May 7, 1940, and the contract and photostatic copy of a requisition for the purchase of cigarette tax stamps, which you enclosed, reveal the following facts:

On July 6, 1937, a contract was entered into by the State of Texas, acting by and through the Cigarette Tax Stamp Board (composed of the Board of Control), for the furnishing of cigarette tax stamps for a two year period beginning May 15, 1937, and ending May 15, 1939. On September 19, 1939, subsequent to the expiration of the aforesaid contract, the Board of Control issued a requisition to the Steck Company for One Hundred Million (100,000,000) cigarette tax stamps. In your letter, it is stated that "This order for the printing of stamps was given to the Steck Company without public advertising for bids or competitive bidding, without any contract having been awarded, and without the approval of the Governor, Secretary of State, and the Comptroller". It is then shown that after delivering these stamps to the State Treasurer, the Steck Company has filed invoices, for the number of stamps printed under this requisition, to the Board of Control for approval; which approval is necessary before the State Comptroller can issue warrants for the payment of said invoices. It is further stated that the Minutes of the Board of Control, since the date of the expiration of the above mentioned contract, do not disclose the declaration of any emergency which could permit the purchase of such stamps without competitive bids, and the award of a contract as is required by law.

After presenting these facts, you request our opinion on the following question:

"Can the Board of Control legally approve the expenditure of State funds for the payment of the above-mentioned invoices for cigarette tax stamps delivered under the terms of the attached requisition, although such stamps were purchased without a contract, without public advertising for bids or competitive bidding, without the approval of the Governor, Secretary of State, and the Comptroller?"

Article 16, Section 21, Constitution of Texas, provides:

"All stationery, and printing, except proclamations and such printing as may be done at the Deaf and Dumb Asylum, paper, and fuel used in the Legislative and other departments of the government, except the Judicial Department, shall be furnished, and the printing and binding of the laws, journals, and department reports, and all other printing and binding and the repairing and furnishing the halls and rooms used for the meetings of the Legislature and its committees, shall be performed under contract, to be given to the lowest responsible bidder, below such maximum price, and under such regulations, as shall be prescribed by law. No member or officer of any department of the government shall be in any way interested in such contracts; and all such contracts shall be subject to the approval of the Governor, Secretary of State and Comptroller."

Article 607 to 630b, Vernon's Revised Civil Statutes, 1925, are the regulations passed by the Legislature for the purpose of effectuating the above quoted provision of the Constitution. A. G. Opinion No. 0-2260, 1940. Article 7047c-1, Section 3, Vernon's Civil Statutes, creates the Cigarette Tax Stamp Board (consisting of the Board of Control) and provides that the printing and manufacturing of such stamps shall be let to the lowest and best bid. In letting the contract of July 6, 1937, the Cigarette Tax Stamp Board determined that the furnishing of these was printing, and the contract was awarded under the terms of, and in compliance with, Article 607 to 630b, supra, and Article 16, Section 21, of the Constitution of Texas. In view of the fact that the Cigarette Tax Stamp Board has determined that the furnishing of these stamps is printing and since the courts will ordinarily adopt and uphold any reasonable construction placed upon a statute by an executive officer or department charged with the duty of administering the Act, (39 Tex. Jur., Sec. 126, p. 235) we are of the opinion that the furnishing of cigarette tax stamps under the requisition of September 19, 1939, is printing. Therefore, before a purported contract for these stamps would be binding upon the State, it must have been made in compliance with the mandates of the Constitution. In our Opinion No. 0-2260, we held that the provisions of Article 16, Section 21, of the Constitution are mandatory; and until such alleged contracts are approved by the Governor, Secretary of the State, and Comptroller, they are not binding upon the state and are in effect no contract. We follow this opinion and since the purported contract, or requisition, of September 19, 1939, was not approved by the Governor, Secretary of State, and Comptroller, there was no contract. See State ex rel State Publishing Company vs. Hogan, Secretary of State (Sup. Ct. of Montana, 1899), 56 Pac. 818; Ellison vs. Oliver (Sup. Ct. of Arkansas, 1929), 227 S. W. 586. In view of the fact that Article 16, Section 21, of our Constitution provides that all printing shall be performed under contract, and since these stamps were not furnished under contract (because the

requisition was not approved as stipulated in the Constitution), it is the opinion of this Department that you may not properly approve the expenditure of State funds for the payment of the invoices for cigarette stamps delivered under the terms of the attached requisition.

In so holding (that this purported contract of September 19, 1939, is not binding on the State and that you, therefore, cannot properly approve the invoices for cigarette stamps purchased under said requisition), we have not failed to consider Article 618, Vernon's Revised Civil Statutes, 1925, which, in part, provides:

"Should all bids on any contract be rejected, or the successful bidder fail to execute bond as provided herein, or should the contract be abrogated, the Board shall let a new contract in the manner provided herein. The Board may in its discretion make such temporary arrangement to meet the emergency as the public interest may demand." (Underscoring ours)

In this connection, we do not pass upon the question of whether or not an emergency existed which would have authorized the Board to make "temporary arrangement." This is a question of fact to be determined from all the surrounding circumstances; however, even assuming an emergency did exist, it is the opinion of this Department that even "temporary arrangement", made by the Board to meet emergencies, must comply with the mandates of the Constitution and this is based on the well-settled proposition that when a statute is susceptible to two constructions, under one of which it would be unconstitutional, while under the other it would be valid, the latter must prevail.

Yours very truly

APPROVED MAY 31, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ Walter R. Koch
Walter R. Koch
Assistant

By /s/ Harry A. Shuford
Harry Shuford

HS:ew:lm

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN